# UNITED STATES

## *v.*

# FRANCISCO GARCIA.

---

San Juan, Criminal, No. 633.

**Criminal Law—Juvenile Offenders.**
> 1. The present tendency, and rightly so, is to separate youthful criminals from those of hardened years.

United States v. Garcia.

Criminal Law—Juvenile Offenders.

2. *Quære:* whether this court can sentence a juvenile offender to Mayaguez Reform School since that school is not authorized to receive Federal prisoners.

Same.

3. Under U. S. Rev. Stat. § 5549, offender under sixteen years of age may be confined during term of sentence in some house of refuge in the district at the expense of the Attorney General.

Same.·

4. Better practice is to defer sentence until Attorney General can be communicated with.

Opinion filed April 18, 1916.

---

*The District Attorney:* If the court please, this boy is so young that I do not like to ask the court to send him to the penitentiary if it can be avoided, and I am going to ask your Honor to remand him to the jail for thirty days until the case can be laid before the Department of Justice to see whether some other disposition can be made of him.

HAMILTON, Judge, delivered the following opinion:

The court hears with great pleasure the motion which it suggested. It is carrying out what has been in the mind of the court. This case is one of a boy who has plead guilty to a violation of § 194 of the Penal Code of the United States. He claims to be fourteen years of age. I do not know, but he looks to be about that age. The tendency at present, and rightly so, is to separate criminals of youthful age from those of hardened years, both as to state and United States prisoners. The district attorney and myself have been looking into the law

to see what can be done. The particular offense calls for imprisonment up to five years and a fine up to $2,000, I think. Of course I do not wish to impose the full sentence upon a mere boy, although the facts seem to be rather heinous. The question is the proper procedure. When it comes to a sentence of imprisonment, the Porto Rican Law approved March 9, 1911, directs jailors and keepers of penitentiaries to receive Federal prisoners and hold them for the term, whatever it may be, just exactly the same as they would hold offenders under the local law. That is a provision, I think, that is found in all the states of the Union.

There is in this Island, as I am informed, by Mr. Inspector Hathaway in particular, a reform school at Mayaguez for juveniles, and which I have heard well spoken of, and if there is any way of sending the boy to that school, I would be very glad to do so. The technical difficulty in the way is that when the Legislature passed that Act of 1911 as to jails, this school was possibly not in existence. At all events they did not put in the act that the head of the school should receive United States prisoners, so if I sentenced him to the reform school it would be a very serious question whether he could not get out by habeas corpus, the school not having any right to accept such prisoners. The court wishes to show mercy, but does not wish to do a vain thing of that kind.

Fortunately there is a section of the United States Revised Statutes, 5549, Comp. Stat. 1913, § 10,550, which says that juvenile offenders against the laws of the United States, being under the age of sixteen years, and who may hereafter be convicted of crime, the punishment whereof is imprisonment, shall be confined during the term of sentence in some house of refuge

United States v. Garcia.

by the marshal of the district where such conviction has occurred, and the reasonable actual expenses of the transfer, etc., shall be paid by the Attorney General out of the judiciary fund.

Even that does not give the Attorney General the power to turn him over to the reform school, which is not authorized by law to receive him, so that I am not sure whether under any circumstances he can be sent to this particular reform school. Still the court wishes to put it within the power of the Attorney General to do whatever can be done in the premises. It would seem, though, that if I impose a sentence at this time, it would have to be to a jail or a penitentiary, as the case might be. There might be serious doubt whether the Attorney General could act after sentence had been imposed. The purport of this act is that the prisoner is still in the hands of the court if he is to be sent to a reform school. If the prisoner were turned over to a penitentiary, he would not be in the control of the marshal of the court; and it would therefore seem best to defer sentence until the Attorney General can be communicated with. He will know what action to take.

So that it would seem to be the best course and the only course, in order that this boy may get the benefit of the reform school, to defer sentence for thirty days, remanding him in the meantime to the custody of the marshal. That will be the present order of the court.